IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAVID & SUSAN ROTHMAN, DAVID ROTHMAN FOR THE ESTATE OF JEFFREY ROTHMAN, | ) ) ) ) | C.A. No. 4:04-0060-27BH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **WRITTEN OPINION AND ORDER** |
| MYRTLE BEACH POLICE DEPARTMENT, MYRTLE BEACH (MUNICIPAL CORPORATION WITHIN SOUTH CAROLINA), | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

In this *pro se* case, the plaintiffs allege several causes of action against the defendants arising out of the death of their son on March 14, 2001, in Myrtle Beach, South Carolina. In particular, the plaintiffs assert claims against the defendants for failure to train, inadequate training, and deliberate indifference of its police officers.

On February 15, 2005, the undersigned denied, in part, and granted, in part, the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In particular, that Order provided that:

> At this stage of this lawsuit, the plaintiffs have pled sufficient facts to support a cause of action for failure to properly/adequately train its police officers and/or for deliberate indifference in violation of 42 U.S.C. § 1983...
>
> Furthermore, the defendants' motion to dismiss is granted, with the acknowledgment of the plaintiffs that they are not raising such claims, as it relates to any claims for deprivation of a federal right to a police investigation, violations of a police misconduct statute, and/or common law

1

negligence...

On March 24, 2005, the defendants filed a motion for clarification of that Order. Specifically, the defendants seek clarification of the remaining issues in this lawsuit and the permissible scope of discovery. The plaintiffs have not filed any memorandum in response to this motion. Accordingly, this motion is now before the Court for disposition.

As explained in the February 15, 2005, Order, plaintiffs' only remaining causes of action against the defendants in this lawsuit are for failure to train, inadequate training, and deliberate indifference of its police officers in violation of 42 U.S.C. § 1983. However, these causes of action do not include any allegation that plaintiffs had a federal right to a police investigation. Plaintiffs cause of action arising out of any right to an "investigation" was dismissed pursuant to Rule 12(b)(6). Plaintiffs previously argued:

> One such avenue where litigation is a valid cause of action for municipal liability is the theory that a government body failed to train its employees in a particular area. City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989).
>
> That is exactly what happened in this current case. The police came upon a body and did not check for a pulse or ever-attempted CPR. "The inadequacy of training may serve as a basis for a 1983 liability claim...to the rights of persons with who police come in contact with." City of Canton, Id.
>
> ...Magistrate mentions the following statements of which plaintiffs disagree: "Defendants argue that plaintiffs have no federal right to a police investigation..." (Page 4 of Report) However, plaintiffs never alleged this. Plaintiff's claims are for failure to train, inadequate training, and deliberate indifference.
>
> Plaintiff's Objections to Magistrate Report and Recommendation (Doc. # 29; p. 6).

The undersigned allowed this claim to survive a Rule 12(b)(6) motion to dismiss. Thus, to the extent that plaintiffs allege that the defendants' police officers were inadequately or improperly trained and/or that their deliberate indifference upon the discovery of Jeffrey Rothman's body led to his death, this claim was not dismissed. The plaintiffs concede their claim focuses on the action of police who "came upon a body and did not check for a pulse or ever attempted CPR."

The Federal Rules of Civil Procedure provide that the parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. F.R.C.P. 26(b)(1). In this case, discovery shall be limited to plaintiffs' claims of inadequate/improper training and/or deliberate indifference which survived the Rule 12(b)(6) motion. Discovery shall also be allowed to the extent it is relevant to a claim or defense and necessary to address a motion for summary for summary judgment, if filed.

In sum, defendants' motion for clarification is **GRANTED** to the extent explained herein.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

October 13, 2005
Florence, South Carolina