IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID & SUSAN ROTHMAN,<br>DAVID ROTHMAN FOR THE ESTATE<br>OF JEFFERY ROTHMAN,<br><br>          Plaintiff,<br><br>vs.<br><br>MYRTLE BEACH POLICE<br>DEPARTMENT, MYRTLE BEACH<br>(MUNICIPAL CORPORATION WITHIN<br>SOUTH CAROLINA),<br><br>          Defendants. | Civil Action No.:4:04-00060-TLW-JRM |

## ORDER

On January 8, 2004, plaintiffs brought this action, proceeding *pro se*, against the defendants Myrtle Beach Police Department ("MBPD") and the City of Myrtle Beach ("the city" or "Myrtle Beach") on several causes of action arising out of their son's death in Myrtle Beach, South Carolina. (Doc. #1). Defendants filed a motion for summary judgment on September 5, 2006. (Doc. #66). On September 6, 2006, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued advising the plaintiff of the importance of a motion for summary judgment. (Doc. #68). Plaintiff filed a response to the motion for summary judgment on October 5, 2006. (Doc. #71).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers III, to whom this case had previously been assigned. (Doc. #77). In the Report, Magistrate Judge Rogers recommends that "the motion filed by the defendants for summary judgment (Doc. #66) be granted in its entirety and that

1

this matter be dismissed." (Doc. #77). Plaintiffs filed objections to the Report. (Doc. #80).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court accepts the Report *de novo*. (Doc. #77). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that defendants' motion for summary judgment (Doc. #66) be **GRANTED IN ITS ENTIRETY** and that this matter be **DISMISSED**.

**IT IS SO ORDERED**.

    s/Terry L. Wooten

Terry L. Wooten
United States District Judge

<u>February 28</u>, 2007
<u>Florence</u>, South Carolina